# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  v.                 Case No.02-CR-40

**PATRICIA PEARSON,**
    **Defendant.**

## ORDER

  Defendant Patricia Pearson has requested early termination of her probation. <u>See</u> 18 U.S.C. § 3564(c). I ordered responses from the Probation Office and the government, and now issue the following order denying the request.

### I. FACTS AND BACKGROUND

  Defendant was employed as the office manager at Dynamic Credit Union in Kenosha, Wisconsin. From October 1999 to February 2001 she used her position steal $39,480 from her employer. It appeared that the crime was related to a gambling problem. Eventually, she was caught, charged and pled guilty to bank larceny under 18 U.S.C. § 2113(b). I sentenced her to five years of probation with the condition that she serve six months of home confinement, make restitution to the Credit Union, avoid all gambling and attend Gambler's Anonymous meetings, along with other conditions. <u>United States v. Pearson</u>, 282 F. Supp. 2d 941, 942, 947 (E.D. Wis. 2003). Her probation is scheduled to discharge on September 4, 2008.

  In the instant request, defendant states that she has been compliant for over two years, had no violations, and made all restitution payments on time. She states that she is

working part-time and cares for her seriously ill father. She indicates that if discharged she would be willing to enter into a payment agreement with the government.

## II. DISCUSSION

Section 3564(c) provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

In order to obtain relief under this provision, the defendant must show more than full compliance with the conditions of probation, as compliance is expected of all defendants under supervision. Instead, early termination is reserved for unusual circumstances. United States v. Guilliatt, No. 01-408, 2005 U.S. Dist. LEXIS 3223, at *3 (E.D. Pa. Jan. 18, 2005); United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003). The defendant must show that there is some new or unforeseen circumstance, such as exceptionally good behavior. United States v. Gerritson, No. 01 Cr. 1081, 2004 U.S. Dist. LEXIS 24169, at *6-7 (S.D.N.Y. Dec. 1, 2004); United States v. Paterno, No. 99-cr-037, 2002 U.S. Dist. LEXIS 9334, at *5 (D.N.J. Apr. 30, 2002). Courts interpreting the similar provision relating to early termination of supervised release, 18 U.S.C. § 3583(e)(1), have likewise held that the conduct of the defendant necessary to support early termination must amount to more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible, and "the exception would swallow the rule." United States v.

2

Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (noting that district court may, in the exercise of discretion, terminate supervision based on new or unforeseen circumstances, which may include exceptionally good behavior, that render a previously imposed term of supervision either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)).

In the present case, defendant has not presented any new or unforeseen circumstances. Nor, despite her compliance, which is commendable, has she demonstrated any exceptionally good behavior justifying termination. Further, she continues to owe more than $30,000 in restitution. Although she could enter into a payment arrangement with the government, I find it appropriate to continue probation to ensure continued payments. Likewise, I believe it appropriate to continue probation to ensure that defendant is monitored for recurrence of her gambling problem. Finally, given the seriousness of the crime, as well as her two prior convictions for issuing worthless checks, I find that terminating probation after just over two years would result in a sentence insufficient to satisfy the purposes of sentencing under § 3553(a)(2).

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request (Docket # 31) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge